IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Bill Allen, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Wells Fargo Financial, Inc., Wells )<br>Fargo Financial South Carolina, Inc., )<br><br>Defendants. ) | Civil Action No. 7:07-2890-GRA-WMC<br><br>**O R D E R** |

This matter is before the court on the motion of the plaintiff, Bill Allen, to compel defendant Wells Fargo Financial, Inc., to produce documents responsive to certain requests for production.  The plaintiff alleges age discrimination under the Age Discrimination in Employment Act ("ADEA") and race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981.

Pursuant to the provisions of Title 28, United States Code, Section 636 (b)(1)(A), and Local Rule 73.02 (B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

The plaintiff filed a motion to compel and strike objections to his First and Second Sets of Interrogatories and Requests to Produce (doc. 58).  The parties have conferred to resolve most of the issues in that motion, and the plaintiff has now filed a Restated and Amended Motion to Compel Discovery (doc. 94).

The remaining issue to be resolved by this court is the temporal scope of discovery in this case.  The plaintiff alleges a claim for age discrimination in his amended complaint.  He was removed by the defendant as a district manager on June 2, 2006.  The plaintiff's interrogatories and requests to produce seek information through the present date.  The defendants have provided the requested information for the time period ending

December 31, 2006. Accordingly, the issue before this court is whether the defendants must provide the information for the period of December 31, 2006, through the present.

The plaintiff argues that the time period subsequent to his removal as a district manager is relevant because, while the defendant has contended that the plaintiff maintained poor relationships with his subordinates, four of them have come forward to offer direct evidence that the decisionmaker in this case, Amy McSpadden, told the branch managers who reported to the plaintiff that she removed the plaintiff and replaced him with Kristiaan DeRoos because she believed a younger district manager could relate better with the younger branch managers (pl. amended m. to compel 1, ex. 1-4). The defendant has stated that the reason for removing the plaintiff from his position of district manager was the turnover in his district and feedback from two branch managers who left during the plaintiff's tenure (pl. amended m. to compel 1, ex. 5). The plaintiff argues that the requested evidence will show that the purported turnover upon which Ms. McSpadden claims to have relied greatly increased after his much younger replacement took the helm. The plaintiff also believes he can prove that others gave negative feedback regarding Ms. DeRoos, which Ms. McSpadden has not acted upon. The defendants argue that the requested information for the time period following the plaintiff's termination of employment exceeds the proper scope of discovery and is overly broad and burdensome. However, as noted above, the defendants, in an effort to compromise, have provided information about other district managers through December 31, 2006 (seven months after the plaintiff was removed as a district manager).

The court is of the opinion that the plaintiff's request for information for the period of December 31, 2006, through the present is relevant and does not exceed the scope of discovery. Numerous jurisdictions have determined that discovery in employment discrimination cases extending two years after the date of the termination of employment is reasonable and therefore relevant in the scope of discovery. *See Miles v. Boeing Co.*, 154

F.R.D. 117, 119-20 (E.D. Pa. 1994) (determining that a request for a document two years subsequent to the alleged discrimination was permitted); *Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 655 (D. Kan. 2004) (stating that discovery of information before and after the liability period may be relevant and within the scope of discovery); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997) (permitting discovery two years after termination).

The requested information is relevant to show employment practices and whether the reason given for the plaintiff's termination was a pretext. *See Miles v. Boeing Co.,* 154 F.R.D. 117, 120 (E.D. Pa 1994). The court agrees with the plaintiff that the defendants' treatment of employees after the plaintiff's departure does not exceed the scope of discovery and could provide relevant information. Accordingly, information regarding the performance of Ms. McSpadden's region from December 31, 2006, to June 1, 2008, is within the confines of discovery. While the defendants argue that responding to the requested discovery would impose upon them "extreme cost" and hardship, they have failed to substantiate their claim. Furthermore, as argued by the plaintiff, the defendants have already provided the requested information for a 15-month period, and the information remaining at issue covers approximately the same time span. Thus, it does not appear to the court that compiling the requested information will impose the overwhelming expense and time burden claimed by the defendants.

Wherefore, based upon the foregoing, the plaintiff's amended motion to compel (doc. 94) is granted. The defendants shall provide the requested information to the plaintiff no later than June 16, 2008.

IT IS SO ORDERED.

June 2, 2008

Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE